UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between:<br><br>RYAN WESLEY NELSON,<br><br>Petitioner<br><br>v.<br><br>CREDIT SUISSE SECURITIES (USA) LLC<br><br>Respondent. | **PETITION FOR AN ORDER CONFIRMING ARBITRATION AWARD**<br><br>Index No.: _____ |

## NATURE OF THE ACTION

1.   Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Petitioner Ryan Wesley Nelson ("Nelson" or "Petitioner"), by his attorneys, Binder & Schwartz LLP, petitions this Court for an order confirming the Arbitration Award, dated March 20, 2024 (the "Arbitration Award"), rendered by a three-arbitrator panel (the "FINRA Arbitration Panel") of the Financial Industry Regulatory Authority ("FINRA") following an evidentiary hearing.

2.   Subject to confirmation by the Court, the FINRA Arbitration Panel recommends expungement of the Termination Explanation in Section 3 of Petitioner Ryan Wesley Nelson's (CRD No. 4574792) Form U5 filed on August 31, 2021 by Respondent Credit Suisse Securities (USA) LLC (CRD No. 816) ("Credit Suisse" or "Respondent"). The Termination shall be deleted in its entirety and replaced with the following language:

> Mr. Nelson was one of nine employees terminated, not for cause, in August 2021, after it became known that a business unit in which they held various executive positions sustained substantial financial losses.

3.   A true and correct copy of the Arbitration Award is attached hereto as **Exhibit A**.

**PARTIES**

4. Petitioner Ryan Wesley Nelson is an individual currently residing in London, England.

5. Upon information and belief, Respondent Credit Suisse is a FINRA member firm formed in Delaware with its main offices located at 11 Madison Avenue, 11th Floor, New York, New York 10010.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this matter pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

7. Venue is proper in the United States District Court for the Southern District of New York pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 and 28 U.S.C. § 1391.

**BACKGROUND**

8. On or about April 18, 2022, Nelson filed a Statement of Claim (the "Statement of Claim") and commenced a FINRA arbitration proceeding (the "FINRA Arbitration") against Credit Suisse. The Statement of Claim sought approximately $7 million in compensatory damages, $100 million in lost future earnings and damages to Petitioner's reputation, legal and attorney's fees, prejudgment interest, costs, expungement of Petitioner's Form U5 Termination Explanation maintained by the Central Registration Depository ("CRD"), and such further equitable relief as the FINRA Arbitration Panel deemed just and proper.

9. In nineteen sessions spanning November 27, 2023, through January 5, 2024, an evidentiary hearing (the "Hearing") was held before the FINRA Arbitration Panel in New York, New York.

10. On or about March 20, 2024, the FINRA Arbitration Panel issued its decision,

finding Respondent liable to Petitioner in the amount of $591,938 in compensatory damages and recommending expungement of Nelson's Form U5 Termination Explanation. The panel recommended the expungement of the Termination Explanation in Section 3 of Ryan Wesley Nelson's Form U5 filed by Credit Suisse. Specifically, the FINRA Arbitration Panel found that "[t]he Reason for Termination shall remain the same, but the Termination Explanation shall be deleted in its entirety and replaced with the following language: 'Mr. Nelson was one of nine employees terminated, not for cause, in August 2021, after it became known that a business unit in which they held various executive positions sustained substantial financial losses.' This directive shall apply to all references to the Termination Explanation." *See* Ex. A (Arbitration Award at Award ¶ 2).

11. In the Arbitration Award, the FINRA Arbitration Panel required that Petitioner obtain confirmation of the Arbitration Award from a court of competent jurisdiction before the CRD will execute the expungement directive, and must forward a copy of the Court Order to FINRA's credentialing, Registration, Education, and Disclosure Department for the amendments to be incorporated into the Registration Records.

**CLAIM FOR RELIEF**
**(Confirmation of Arbitration Award)**

12. Petitioner repeats and realleges each and every allegation contained above and incorporates them hereby by reference.

13. Pursuant to 9 U.S.C. § 9, this Petition is timely brought within one year of the delivery of the Arbitration Award to Petitioner.

14. The Arbitration Award has not been vacated, modified, or corrected by order of any court of competent jurisdiction and is still in full force and effect.

15. Pursuant to 9 U.S.C. § 9, Petitioner is entitled to a judgment confirming the

Arbitration Award and recommending the expungement of Nelson's Form U5 Termination Explanation as described by the panel.

**WHEREFORE,** Petitioner respectfully requests that this Court enter an Order confirming the Arbitration Award and directing FINRA to execute the Panel's expungement directive replacing Petitioner's Form U5 Termination Explanation.

Dated: March 10, 2025
New York, New York

**BINDER & SCHWARTZ LLP**

/s/ Neil S. Binder
Neil S. Binder
675 Third Avenue, 26th Floor
New York, New York 10017
Tel: (212) 510-7008
Fax: (212) 510-7299
Email: nbinder@binderschwartz.com

*Counsel for Petitioner Ryan Wesley Nelson*

4