UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                :

RYAN WESLEY NELSON,                 :

                      Petitioner,            :          25-CV-01980 (JAV)

        -v-                        :          MEMORANDUM OPINION
                                  :                  AND ORDER

CREDIT SUISSE SECURITIES (USA) LLC,  :

                     Respondent.     :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       On March 10, 2025, Petitioner Ryan Wesley Nelson ("Mr. Nelson" or "Petitioner"), by his attorneys, Binder and Schwartz LLP, filed a petition to confirm an arbitration award (the "Award"). ECF No. 1 (the "Petition"). On March 12, 2025, the Court set a briefing schedule for Mr. Nelson's submission of any additional materials in support of the Petition, Respondent's opposition, and Mr. Nelson's reply. ECF No. 3. Petitioner served Respondent Credit Suisse Securities (USA) LLC ("Respondent") with the Petition, supporting materials, and the briefing schedule. ECF Nos. 6. Pursuant to the briefing schedule, Respondent's opposition was due no later than April 22, 2025. ECF No. 3. The parties filed a stipulation on March 31, 2025, in which Respondent represented that it will not submit any papers in opposition to the Petition, and does not oppose confirmation of the Arbitration Award. ECF No. 6.

       Accordingly, the Court GRANTS the petition and confirms the Award in its entirety.

## BACKGROUND

       On or about April 18, 2022, Mr. Nelson filed a Statement of Claim (the "Statement of Claim"), which asserted claims against Respondent for breach of contract, breach of implied

covenant of good faith and fair dealing, defamation, and expungement of his Financial Industry Regulatory Authority ("FINRA") Form U5. The Statement of Claim sought approximately $7 million in compensatory damages, $100 million in lost future earnings and damages to Petitioner's reputation, legal and attorney's fees, prejudgment interest, costs, expungement of Mr. Nelson's Form U5 Termination Explanation maintained by FINRA's Central Registration Depository ("CRD"), and such further equitable relief as the three-arbitrator panel ("Arbitration Panel") deemed just and proper. *Nelson v. Credit Suisse Securities (USA) LLC*, Case No. 22-00837 (the "Arbitration"), was heard in New York by the Arbitration Panel.

Six pre-hearing conferences were held between August 8, 2022, and October 30, 2023, as well as nineteen evidentiary hearing sessions between November 27, 2023, and January 5, 2024. ECF No. 1. In addition to hearing opening and closing statements from counsel, the Arbitration Panel also heard testimony from eleven fact witnesses and three expert witnesses. *Id.* The Arbitration Panel issued the Award (ECF No. 1-1) on March 20, 2024, finding the Respondent liable to the Petitioner for $591,938 in compensatory damages. The Arbitration Panel also recommended expungement of Mr. Nelson's Form U5 Termination Explanation, subject to court confirmation. The Arbitration Panel required Petitioner to obtain confirmation of the award from a court before the CRD executes the expungement directive.

## LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides the substantive law for the confirmation of arbitration awards. 9 U.S.C. § 9. Under the FAA, courts grant an arbitrator's decision "great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). "Courts are not authorized to review an arbitrator's decision on the merits even in the face of allegations . . . that the decision rests on factual errors or misinterprets the parties'

agreement." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 03015(RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (cleaned up). "[A] reviewing court is bound by the arbitrator's factual findings, interpretation of the contract and suggested remedies." *Loc. 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999). Instead, the Court's review is limited to determining if there are grounds for vacating the award under 9 U.S.C. § 10(a), and if the arbitrator is "arguably construing or applying the contract and acting within the scope of his authority." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Const. Corp.*, No. 11 CIV. 1715 JMF, 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013). "A barely colorable justification for the outcome reached" by the arbitrators is all that is required to confirm an award on a timely petition to confirm. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir.1992).

The confirmation of an arbitration award normally is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (cleaned up). But the Court must nonetheless treat a petition to confirm an arbitration award "as akin to a motion for summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund*, 2013 WL 1703578, at *2.

Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even unopposed petitions to confirm awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair*, 462 F.3d at 110 (cleaned up). Accordingly, where the non-movant has failed to respond to a petition to confirm,

the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109–10 (cleaned up).

## DISCUSSION

Applying these principles here, Petitioners have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *D.H. Blair & Co.*, 462 F.3d at 110. Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award. Accordingly, the Court grants Petitioners' unopposed petition to confirm the entire Award, including the expungement directive.

Additionally, the Court grants Petitioners' request for post-judgment interest in accordance with 28 U.S.C. § 1961(a). Awards of post-judgment interest under section 1961 are mandatory, *see Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013), and apply to actions to confirm arbitration awards, *see Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004). The Court therefore awards interest to accrue at the statutory rate from the date judgment is entered until payment is made.

Accordingly, IT IS ORDERED AND ADJUDGED that the **Petition** is GRANTED, the **arbitration award** is **confirmed**, and judgment is entered in favor of Petitioner and against Respondent as follows:

1. **Confirming** the **Award** in all respects;
2. **Directing** the expungement of Mr. Nelson's Form U5 Termination Explanation;
3. **Awarding** Petitioners $591,938; and

4. **Awarding** Petitioners post-judgment interest at the statutory rate.

SO ORDERED.

Dated: August 22, 2025  
New York, New York

                                              _____  
                                              JEANNETTE A. VARGAS  
                                              United States District Judge